

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

February 4, 1957

Hon. Carlton Moore, Sr.
House of Representatives
Capitol Station
Austin, Texas

Dear Mr. Moore:

Opinion No. WW-16

Re: Authority of Legislature to re-
quire a rendition of real
property as a prerequisite
to voting in bond elections.

Your letter requesting our opinion relative to the captioned matter reads, in part, as follows:

"As Chairman of the Committee on Privileges, Suffrage, and Elections. I have before me a Bill regarding rendition of property for the purpose of voting in bond elections. I would like to know if we can make the law read 'real property'. In other words, we feel that a person owning a watch or an automobile should not have the right to straddle millions of dollars of bonds on real property owners' backs as, after all, they are the ones who have to pay the taxes."

Section 3a of Article VI of the Texas Constitution reads as follows:

"When an election is held by any county, or any number of counties, or any political sub-division of the State, or any political sub-division of a county, or any defined district now or hereafter to be described and defined within the State and which may or may not include towns, villages or municipal corporations, or any city, town or village, for the purpose of issuing bonds or otherwise lending credit, or expending money or assuming any debt, only qualified electors who own taxable property in the State, county, political subdivision, district, city, town or village where such election is held, and who have duly rendered the same for taxation, shall be qualified to vote and all electors shall vote in the election precinct of their residence."

You will note that the above quoted constitutional provision states ". . . who own <u>taxable</u> property in the State, county, political sub-division, district, city, town or village where such election is held, and who have duly rendered the same for taxation, shall be

qualified to vote. . ." (Emphasis added.)

Our courts have held that the phrase "taxable property" as used in Section 3a of Article VI of the Constitution includes personal as well as real property. Lucchese v. Mauerman, 195 S.W.2d 422 (1947, writ. ref. n.r.e.); Border v. Abell, 111 S.W.2d 1186 (1937).

The Attorney General in 1934 in an opinion recorded in Volume 353, page 536 written by Pat Dougherty, held Article 2955-b, V.C.S. (since repealed), which attempted to confine the legal qualifications of a voter at bond elections to ownership and rendition of real property, to be unconstitutional.

The Court in Public Utilities Corporation v. Holland, 123 S.W.2d 1028 (1938 writ dism.) in construing Article VI, Section 3a, Texas Constitution, held that all persons who had paid their poll tax and who owned taxable property, either real or personal, were qualified to vote if their property was rendered for taxation. The Court discussed said repealed Article 2955b which attempted to restrict the right to vote in bond elections to those who owned and rendered real property.

The Attorney General in later opinions 0-6175 (1944) and 0-1178 (1939) held said repealed Article 2955b, V.C.S., to be unconstitutional as contravening Section 3a of Article VI of the Constitution.

It is therefore our opinion that an Act of the Legislature which provides that persons voting in bond elections must own and render real property for taxation would conflict with Section 3a of Article VI of the Texas Constitution and be, for that reason, unconstitutional.

## SUMMARY

An Act of the Legislature which provides that persons voting in bond elections must own and render real property for taxation would conflict with Section 3a of Article VI of the Texas Constitution and be, for that reason, unconstitutional.

Yours very truly,

APPROVED:

OPINION COMMITTEE
H. Grady Chandler, Chairman

WVG:cs

WILL WILSON
Attorney General of Texas

By W. V. Geppert

W. V. Geppert
Assistant